MEMORANDUM *
Charlotte Rose appeals the district court’s order granting Beverly Health and Rehabilitation Services, Inc.’s (“Beverly”) motion to dismiss. The district court held that judicial estoppel barred Rose from asserting her causes of action against Beverly.
In this court, Rose raises three issues. First, Rose contends the district court *144 lacked subject matter jurisdiction. Second, Rose contends Beverly’s notice of removal was untimely. Third, Rose contends the district court abused its discretion by concluding she was judicially es-topped from asserting her claims against Beverly.
The district court correctly denied Rose’s motion to remand the case to state court.
Federal question jurisdiction exists over Rose’s cause of action for breach of contract. The district court determined Rose’s employment was governed by a collective bargaining agreement (“CBA”). This conclusion was not clear error: Rose’s position was listed as part of the bargaining unit in filings before the National Labor Relations Board; Rose herself signed a petition to decertify the bargaining unit; and Rose introduced no evidence of an employment agreement separate from the CBA. Rose’s breach of contract claim is therefore a suit for breach of a CBA that gives rise to federal question jurisdiction under Section 301 of the Labor Management Relations Act. See 29 U.S.C. § 185(a); Young v. Anthony’s Fish Grottos, Inc., 830 F.2d 993, 997-98 (9th Cir.1987). Because federal question jurisdiction exists over Rose’s breach of contract claim, the district court could exercise jurisdiction over her pendent state-law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
Beverly’s removal notice was timely. Rose’s complaint did not disclose on its face that Rose’s suit was one for breach of a CBA. Beverly’s subjective knowledge to the contrary is irrelevant. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir.2005). Beverly filed its removal notice within thirty days of the “receipt by the defendant ... of a ... paper from which” Beverly could “first ascertainf ] that the case is one which is or has become removable.... ” 28 U.S.C. § 1446(b).
Because Rose both failed to disclose the existence of her claims against Beverly in bankruptcy proceedings, and obtained a discharge of debts on the basis of her false representation that she had no unliquidated or contingent claims against third parties, the district court did not abuse its discretion by concluding that judicial estoppel bars Rose’s claims. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784-85 (9th Cir.2001). That Rose subsequently moved to reopen the bankruptcy proceedings does not excuse her earlier failure to disclose; judicial estoppel ensures that debtors make a “ ‘full and honest disclosure’ ” of their assets in the original bankruptcy proceeding. See id. at 785 (quoting In re Coastal Plains, 179 F.3d 197, 208 (5th Cir.1999)). Nor does Rose’s claimed subjective ignorance of the disclosure requirements prevent the application of judicial estoppel. At the time she filed for bankruptcy, Rose knew the facts giving rise to her claims and her request for a right to sue letter from the California Department of Fair Employment and Housing demonstrates she knew these claims were potentially valuable. See id. at 784.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.